Bill sets forth
That W’m Porter & Jane his wife in right of Jane were seized in Fee of 99 A of Land & 400 a. in Mid’dx Se agreed to sell the 99a. to Tho’s Jones Pit. Johns father & 400 a. to Pit. Roger and *B94 accordingly by Deed dated 1703 between Porter & Ux’r & said Tho’s Jones conveied said 99 a. to Thos. Jones in cons, of 3960 lbs. Tob’o And by another Deed in 1704 betw. Porter & Ux’r & Pit. Roger conveied the 400 a. to Pit. Roger in Cons, of ^160 Sterl. And in both Deeds Porter and his wife covenant for further Assurance and they also gave a Bond to Pit. Roger for performance of Covenants
That Porter & Ux’r came to Court to acknowledge these Deeds but by the mistake or ignorance of the Clk. the Entry of the Acknowledgment is that the wife relinquished her right of Dower And no Notice is taken of the privy Examination
That Porter died in 1705 & Jane his wife survived him & died in 1709 leaving Issue Francis Porter her eldest Son and Thomas Jones died many years ago leaving Issue Pit. John his eldest Son And Pits, continued in quiet possession till 1732 when Francis Porter Son & heir of said Jane brought an Ejectment for recovery under pretence his Mother was not privately examined And upon a [89] Special Verdict had Judgment to recover and threatens to sue out Hab. fa. poss. tho’ it is plain upon the face of the Deeds Defts. Mother intended tó convey & she always acquiesced under it never pretended she was not privately examined but on the contrary in her Widowhood declared she had joined freely & voluntarily in the Sale & was satisfied with it
Francis Porter died pending Ejectm’t & Defts are his Heirs at Law And the end of the Bill is to have the defect of the private examination supplied And the Defts. to make a perfect & absolute conveiance the Pits, being purchasers for a valuable cons.
The Defts. being Infants by their Guardian put in a Plea & Answer They plead the Act of 1734 which Enacts that where the Clk. has not taken notice of the private -Examination it shall be taken the feme was not examined.
And for Answ’r say they were Infants at the time of the Transactions charged in the Bill & know nothing of them And hope the Court will not compel them to part with their Inheritance legally descended to them And pray to have the benefit of the Judgm’t at Law
The Proofs in the Cause are very short Only one Witness W’m Hammett who says he was in Company with Jane Porter in her Widowhood & asked her for what reason she agreed to *B95 sell the Land to the Jones’s She answered that she nor her family could not have their healths upon nor make Corn for support of their family That tho’ Mr. Jones thought he had a good Bargain she wished it might prove so And was glad the Land was sold
There need be little say’d to the Plea which seems quite unnecessary We don’t pray this Court should decree that the Woman was privately examined but to have the defect or want of that Circumstance supplied I shall never pretend to say that a Court of Equity can controul an Act of Parliam’t or Act of Assembly however severe it may be upon particular Persons And we cannot help thinking this Act somewhat severe upon us being made while the Suit at Law was depending
We allow then that the Woman was not privately examined the Law has declared so & we must submit The question properly before your Hon’rs & the only quest, is whether a Court of Equity will supply a defect of this kind when it appears as I think it must be allowed to do in this Case that she had agreed to part with her Inheritance & was consenting & willing without the Coersion of her [90] husband.
This consent & agreement appears from the wifes executing the Deeds the Grant & all the Covenants are in her name as well as the Husbands. She enters into the Bond for performance of Covenants And she comes to Court in order to acknowledge She acquiesces under the Deed And declares in Widowhood that she had agreed & was glad the Land was Sold These Circumstances and Proof must be convincing that the Woman was actually consenting and willing to part with her Inheritance
Then I say whether the want of a private examination may be supplied by a Court of Equity. Or whether the Heirs of the Woman shall not be compelled to make a good & legal Conveiance is the Question before the Court And I hope I shall have no great difficulty to perswade your Hon’rs that we ought to have such a Decree & that the same is consistent with the constant course of Equity in cases of the like nature
This method of the private Examination of femes covert is peculiar to the Laws of England renown’d for its great favour & regard to Woman It was Introduced to preserve & protect the Inheritance of the wife from the arbitrary Will & Disposal of the husband that she might not be compelled by his threats or cruelty to part with it against her Will It is nothing more *B96 then than a particular mode or ceremony instituted for a particular purpose And I humbly conceive that if the end for which this Ceremony was introduced can appear to have been answered that is if it appear that the wife was not compelled against her Will. It is the same thing in natural Equity & Justice as if the ceremony had been ever so formally complied with
The Law has appropriated particular forms and ceremonies almost to every kind of Conveiance Livery is essential to a Feoffment & a Surrender to pass a Copyhold And the Courts of Common Law that are tied up to strict & rigid rules will never dispence with the want of these Ceremonies But it is the peculiar province of Equity to supply these defects Especially in fav’r of a Purchaser for a valuable cons, as we are It is even a kind of Maxim that Equity regards the Substance & not the Circumstance of every Act
To examine this Case by that Maxim Does it not appear here that the Woman was willing & intended to part with her Inheritance And is not that the Substance of the Act The defect is only in a Circumstance the want of private Examination [91] The Cases in the Books are numerous where Equity has supplied the want of Livery in a Feoffment & want of a Surrender in passing a Copyhold in fav’r of Purchasors & sometimes even in fav’r of younger Children. I will beg leave to read two short ones for the Courts Satisfaction Thompson v. Atfield 2 Ch. Rep. 216. Hardham v. Roberts 1. Vern. 132.
These Cases may suffice to shew the constant Course of Equity to be as I have say’d viz. to supply defects in Conveyances in fav’r of Purchasors
Now if Equity will supply the want of Livery in a Feoffment & the want of a Surrender in passing a Copyhold Which Ceremonies must be allowed to be as essential in point of Law to the respective Conveiances as the Examination of the wife can be where her Inheritance is to pass I shall beg to know what good reason can be given why a Court of Equity should not interpose & assist an honest Purchasor in the one Case as in the other when it is manifest it was the voluntary Intent of the Wife to pass her Estate
If the motive & reason of the Determination be considered it will appear they have as great weight in the present Case as •those cited. The true reason as I conceive is because when there appears a fair contract between two parties & one has paid his *B97 Money for the Land the Vendor is become a kind of Trustee in Equity for the Vendee & so compellable in Equity to make or perfect a Conveiance as the Case may require that the Vendee may have the legal as well as equitable title in him
Now I will beg leave to suppose that Porter & his wife were now alive And this Suit was brought ag’st them instead of the heirs of the wife Upon the Proof there is in this Case that the Wife was consenting & that the Purchase Money was paid I presume there would be no manner of question but that we should have a Decree we now seek for ag’st them to perfect the Conveiance or that we should enjoy ag’st them & their heirs Nay tho’ the Woman should deny her consent if it was made evident by Proof And the Purchasor in Confidence of it had paid the Money Equity would without doubt consider such a Proceeding as a fraud & relieve ag’st it
Now I would fain know what greater Equity the heir can have than the Ancestor The title they derive is under this ancestor And the same Equity that would run ag’st the Ancestor must run ag’st the Heir If then it be allowed that we could be relieved ag’st the Ancestor as I think cannot fairly be denied I do humbly insist that we are intitled to the same relief ag’st the now Defts. her Heirs
[92] Obj. No instance of Equity relieving in such a Case in England.
Answ’r That is not strange because it is a Case that never could happen in England I mean there never could be such a question.
The only way for a feme covert to pass her Inheritance in England is by fine or recovery And tho’ she ought to be privately examined Yet if a fine is levied by the Husband & Wife & the Wife is not examined it shall bind her and her heirs Cokes Reading Sect. 7. So that when the fine is once levied the Purchasor is secure & has no occasion to apply to a Court of Equity tho’ the feme in fact was not examined
Hence it is plain this is a question that never could be made in England And therefore it is no wonder we meet with no Cases in point But I think there are Cases where a Court of Equity has done as much or more & in instances that must be allowed to be as strong as this because the Ceremony of private Examination must have been dispenced with.
Baker & Child 2 Vern. 61. It seems to be mentioned by the *B98 Court as an. established rule that where a feme covert agrees to join with her Husband in making a Surrender or levying a fine tho’ the Husband die before it be done Equity will compel her to perform the Agreem’t
(?) Q. if this be not meant of an Agrem’t before Marr.
If where there is only a bare Agreem’t of the Wife Equity will compel her to perform it. I must submit if there be not a much stronger reason in this Case where an Agreem’t does not only appear but the Wife atually executes a Conveiance which happens to be defective only in a Circumstance
I rely upon our being an honest Purchsor for a valuable cons. Purchasors are ever favoured in Equity And the Court will often stretch in their fav’r Indeed nothing can be more consonant to natural Justice than this that where a Man has paid his Money he should have all the Assistance of the Law to protect & secure him in the Pos’sion of the thing purchased
If this Case be considered only under the notion of an Agreem’t (and surely the Agreem’t of the Wife in this Case cannot be controverted) I humbly conceive this Court ought to interpose upon the Authority of the Case just cited. It is indeed the peculiar Province of Equity to compel the specific Performance of Agreem’ts Even where the Party may have remedy to recover Damages at Law And in this Case we can have no effectual remedy at Law the Husband is dead Insolvent And we must intirely lose our Purchase Money & Improvem’ts unless this Court will assist us
Fraud Accident & Trust are say’d to be the three principa [93] things about which a Court of Equity is conversant
In this Case there is a fraud on the Defts part that they would take Advantage of the defect in their Ancestors Conveiance There is Accident in two instances viz. the Mis Entry of the Clk. & the death of the Woman
And there is Trust by the paiment of Money & the wife’s Agreement
This is undoubtedly a Case of great Compassion Here is an honest Purchasor before the Court And the only objection to his title is a defect in the Conveiance & that only in point of Circumstance or Ceremony This Defect not attempted to be taken advantage of by the Grantor but the Heir after a quiet possession of 30 Years contests the Act of the Ancestor always acquiesced *B99 under by her A Purchasor without any remedy unless assisted by this Court The relief sought ag’st no rule of Equity Attended with no inconvenience Ag’st no Act of Parliament Equitable & reasonable in itself & agreeable to the Course of Equity in similar Cases And if it be so If the thing desired be no more than natural Justice will If it neither interfere with nor violates any one established rule of Equity There can want neither Argum’t nor precedent to induce a Court of Equity to Decree for us
Francis Fr Deft.
The end of this Bill is to repeal an Act of Assembly Equity cannot Decree ag’st an Act of Pari. There is no Instance where a Stat. requires a particular Act for transferring an Inheritance that a Court of Equity will dispence with that Act If Ten’t in tail agrees to levy a fine & dies before it is done Equity will not compel the issue in tail to convey Nothing but the actaul levying the fine can take the Inheritance from the issue If a Bargain & Sale be made without Inrollm’t Equity will not supply it Nor any Circumstance that is required by the Stat. of Frauds as to Wills It is not the Province of Equity to relieve ag’st Blunders And to decree in this Case for the Pit. will be to annul a Law made for securing Women’s Inheritances The rule of the Civil Law is where Equity would annul a Law the Law must prevail
2. Vide the case of Blades vs. Blades Al. Ca. Eq. 358.
To which it was answered
What is desired by the Bill will neither annul the Act of Assembly or be contrary to it The End of the Bill is not to establish the Woman’s Conveiance which is allowed to be defective but to compel a better Conveiance to a Purchasor for a valuable cons. This sufficiently obviates all that has beensay’d about decreeing ag’st [94] an Act of Pari. As to the Cases put they are by no means parrallell The issue in tail shall not be compelled to convey where the fine is not perfected because he does not come in under the Ten’t in tail but by force of the Gift in tail The Ten’t in tail in his life time would be compelled to levy a fine if he so agreed And so here the Woman would be compelled to make a better Conveiance if she was alive to the same Equity must run ag’st her heir As to the Case of Inrollm’t tho’ Equity would not decree the Deed good if not Inrolled Yet it would decree a better Conveiance to a Purchasor which is *B100 all we ask And as to the Stat. of Frauds the same Answer may be given as to the Case of Ten’t in tail We do not attempt to set this Conveiance up as good but desire a better because it is not good. Besides surely there is a difference between a Purchasor & a Devsee And tho’ it is say’d it is not the Province of Equity to relieve ag’st Blunders Yet wee see nothing is more common than for Equity to relieve ag’st Mistakes & defects in Conveiances & especially in fav’r of honest Purchasors.
In this Case the Bill was dismissed by the Opinion of a great Majority of the Court.
Deeds acknowledged to be inrolled but not inrolled, yet good Hutt. 1. 1 and. 229. Dyer. 355. a. In Cases of fraud, Equity should relieve even ag’st the Words of A Statute 1 W’ms 620. Parol Evidence admitted to shew that a feme covert Surrend’red her Whole Estate tho’ it was mentioned on the Roll but of a Moiety 2 Vern. 547.